Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

Additional Attorneys for Plaintiff on Signature Page

*Attorney for Plaintiff*
*Joseph-Harvey Ellis*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH-HARVEY ELLIS,** | **CASE NO.:** '17 CV 2087 MMA WVG |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES FOR** |
| | **1. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32;** |
| **vs.** | **2. THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.** |
| | **3. THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785 ET SEQ.; AND** |
| | **4. NEGLIGENCE** |
| **CALIFORNIA COAST CREDIT UNION & TRANS UNION, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | **[IMAGED FILE]** |

1

**INTRODUCTION**

1.     The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2.     Joseph-Harvey Ellis ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of California Coast Credit Union ("Cal Coast") and Trans Union, LLC ("Trans Union") (collectively "Defendants"), for willfully violating consumer protection laws.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

3.     This action arises out of violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA"), the California Consumer Credit Reporting Act, Cal. Civ. Code § 1785.1 *et seq* ("CCRAA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq* ("RFDCPA"). While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.     Violations of the RFDCPA by Cal Coast were knowing, willful, and intentional, and Cal Coast did not maintain procedures reasonably adapted to avoid any such specific violation.

5.     All violations alleged regarding the RFDCPA are material violations of the RFDCPA as these violations would limit the ability of a hypothetical least

2

sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

6.   Defendants' willful or negligent failure to properly investigate the validity of the debt, resulted in Defendants' erroneous reporting of invalid debt on Plaintiff's credit report(s), and Defendants' failure to correct such, which Defendants knew or should have known was erroneous, caused Plaintiff damages.

7.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.   Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9.   Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

10.   Unless otherwise indicated, the use of any Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

11.   Unless otherwise stated, all the conduct engaged in by Defendants occurred in San Diego, California.

## JURISDICTION & VENUE

12.   Original subject matter jurisdiction is valid in U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.

13.   Supplemental jurisdiction exists for violations of the RFDCPA, CCRAA, and negligence pursuant to 28 U.S.C. § 1367(a).

14.   Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants transact business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving

3

Complaint for Damages

rise to Plaintiff's causes of action against Defendants occurred within this judicial district.

15. Venue is also proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b) because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts with this District are sufficient to subject them to personal jurisdiction.

**PARTIES & DEFINITIONS**

16. Plaintiff is a natural person who resides in the County of San Diego, State of California.

17. Plaintiff is a natural person and a consumer, as that term is defined by Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1681a(c) of the FCRA.

18. Plaintiff is a "debtor" under Cal. Civ. Code § 1788.2(h) of the RFDCPA.

19. Plaintiff is informed and believes, and thereon alleges, that California Coast Credit Union is a credit union with its principal place of business in California. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County and City of San Diego, within this judicial district. Cal Coast is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

20. Plaintiff is informed and believes, and thereon alleges, that Trans Union is, and at all times mentioned herein was, a limited liability company registered in Delaware with its principal place of business located in Illinois. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County and City of San Diego, within this judicial district. Cal Coast is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

21. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

4

Complaint for Damages

22. Cal Coast in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

23. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and 15 U.S.C. § 1681a(d)(1) of the FCRA.

24. The cause of action herein also pertains to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that Defendants made inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal purposes.

## FACTUAL ALLEGATIONS

25. Sometime prior to August 2016, Plaintiff incurred certain financial obligations to Cal Coast for personal purposes as that term is defined under Cal. Civ. Code § 1788.2(f).

26. Then sometime around August 1, 2016, the debt was sold, transferred or conveyed to The Best Service Company, Inc. ("TBSC") for collection.

27. On or around December 14, 2016, Plaintiff checked his Trans Union credit report and Defendants were reporting the Debt balance as $79 (the "Debt"). Defendants reported the Debt balance as $79 and a Past Due amount of $79 as of December 2016.  Further, Defendants reported the Account Type as an "Open Account".

Complaint for Damages

28.  Plaintiff's Trans Union credit report stated that Cal Coast updated the information on Plaintiff's Trans Union credit report including the Debt as of December 1, 2016, which after the Debt was sold, transferred or conveyed to TBSC.

29.  Plaintiff's Trans Union credit report read "High balance of $79 from 08/2016 to 12/2016" and estimated this item would not be removed until "05/2023".

30.  TBSC also reported the Debt on Plaintiff's December 14, 2016 Trans Union credit report.  TBSC simultaneously reported the Debt balance as $79 and a Past Due amount of $79 as of December 5, 2016.  Further, TBSC also reported the Account Type as an "Open Account".

31.  On or around April 25, 2017, a dispute was filed regarding the duplicate reporting of the Debt on Plaintiff's Trans Union credit report ("Dispute").  The Dispute stated "The California Coast Credit Union account balance is a duplicate of the Best Service Company balance already reported."  The Dispute also disputed the California Credit Union entry and stated "The California Coast Credit Union account balance is a duplicate of the Best Service Company balance already reported."

32.  As of August 15, 2017, Plaintiff had not received Dispute results.  This is in excess of thirty days after the lodging of the Dispute.

33.  Defendants failed to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in his Dispute, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting or ensure maximum possible accuracy.

34.  Defendants continued to report the Debt as being due to both Cal Coast and TBSC after that Debt was sold to TBSC for collection, despite knowledge of the sale, transfer, or conveyance to TBSC.

Complaint for Damages

35. As a result of Defendants' failure to remove the duplicate reporting of the Debt that was transferred, sold, or conveyed to TBSC, the Debt was published on Plaintiff's Trans Union credit report in duplicate.  This creates a false impression that Plaintiff has multiple accounts in collection with regard to the Debt and damages Plaintiff's credit worthiness.

36. Defendants published abusive and misleading information on Plaintiff's credit report, after Defendants knew Cal Coast had sold Debt to TBSC, yet Defendants did not fix the duplicate reporting and continued to show this Debt as due and owed to Cal Coast and TBSC.

37. The false negative furnishing and reporting of information caused actual damage to Plaintiff and his credit, which in this day and age is practically priceless.

38. Despite Defendants' knowledge of the sale, transfer, or conveyance of the Debt to TBSC, Defendants' failed to update the account to accurately reflect its duplicate status and remove the inaccurate reporting.

39. The inaccurate duplicate information furnished and reported by Defendants negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility, and Plaintiff's credit worthiness.

40. Defendants' actions mislead Plaintiff and any third parties who read his Trans Union credit report to believe he owed debts to both Cal Coast and TBSC.

41. As a result of the inaccurate and unlawful information furnished and reported on Plaintiff's credit report, Plaintiff has suffered economic damages as a result of his lower credit score, loss of ability to purchase and benefit from credit, and received increased costs association with lower credit score which Plaintiff has been trying to build.

42. As a result, Plaintiff has suffered economic damage from lost opportunities to borrow, and in other instances has paid higher interest rates than he should have been entitled to.

7

43.   At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Cal Coast, pursuant to 15 U.S.C. § 1692e which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17 and states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44.   At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Cal Coast, pursuant to 15 U.S.C. § 1692d:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

45.   At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Cal Coast, pursuant to 15 U.S.C. §§ 1692e which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46.   At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Cal Coast, pursuant to Cal. Civ. Code § 1788.17:

> Every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and hall the subject to the remedies in Section 1692k of, Title 15 of the United States Code.

47.   At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Trans Union, pursuant to 15 U.S.C. § 1681e(a)&(b) of the FCRA:

8

(a) Identity and purposes of credit users. Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USC § 1681c] and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USC § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USC § 1681b].

(b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

48.   At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Trans Union, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the FCRA:

(a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(a)(5)(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an

Complaint for Damages

item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation.

49. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Cal Coast, pursuant 15 U.S.C. § 1681s-2(a)(1)(A) of the FCRA:

(A) A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

50. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Cal Coast, pursuant 15 U.S.C. § 1681s-2(a)(2)(A)&(B) of the FCRA:

A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

51. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Cal Coast, pursuant 15 U.S.C. § 1681s-2(b)(1) of the FCRA:

10

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
> > (i) modify that item of information;
> > (ii) delete that item of information; or
> > (iii) permanently block the reporting of that item of information.

52.  At all times during the aforementioned action, there was in full force and effect the following obligations pertaining to Cal Coast, pursuant to Cal. Civ. Code § 1785.25(a):

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

53.  At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendants, pursuant to Cal. Civ. Code §

1785.16 of the CCRAA:

(a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.

(b) In conducting that reinvestigation the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or irrelevant. If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the

12

Complaint for Damages

evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file.

54. At all times during the aforementioned action, there was in full force and effect the following obligations pertaining to Cal Coast, pursuant to Cal. Civ. Code § 1785.25(b):

A furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.
### (AS TO CAL COAST)

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. The RFDCPA, Cal. Civ. Code § 1788 et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

57. Cal Coast attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

58. Cal Coast in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

59. As mentioned above, Cal Coast did not comply with 15 U.S.C. §§ 1692b to 1692j as required by Cal. Civ. Code § 1788.17.

60. The foregoing acts and omissions of Cal Coast constitute numerous and multiple knowing and/or willful violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of §1788 *et seq.*

61. Cal Coast willfully and knowingly violated the RFDCPA. As a "debt collector" under the RFDCPA it is fully aware of California's debt collection laws, including the RFDCPA as incorporated therein.

Complaint for Damages

62.  A willful violation occurs where the violator intends to do the act which makes up the violation.  In the case of *People v. Bell*, 45 Cal. App. 4th 1030, the court found that the Penal Code definitions of "knowingly" and "willfully" were persuasive in determining the intent of Civil Code Sections.  The court defined willfully and knowingly as requiring "only that the illegal act or omission occur 'intentionally,' without regard for the motive or ignorance of the act's prohibited character."  Cal Coast's publication of the Debt in December 2016, after it had already sold, transferred, or conveyed the Debt to TBSC shows a willful and knowing violation of the RFDCPA.

63.  Plaintiff is entitled to damages as a result of Cal Coast's willful violations.

64.  Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

## SECOND CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ.
## (AS TO ALL DEFENDANTS)

65.  Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

66.  The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

67.  As a credit reporting agency, Trans Union is required to comply with 15 U.S.C. §§ 1681i(a)(1)(A)&(a)(5)(A), 1681e(a)&(b), and 1681g(a)(2) of the FCRA.

68.  Plaintiff is informed and believes that Trans Union violated 15 U.S.C. §§ 1681i(a)(1)(A)&(a)(5)(A) of the FCRA after Plaintiff lodged the Dispute and Trans Union failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in his Dispute and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

14

69. Plaintiff is informed and believes that Trans Union violated 15 U.S.C. §§ 1681e(a)&(b) of the FCRA by maintaining the very inaccurate information about which Plaintiff complained.

70. As a furnisher of information, Cal Coast is required to comply with 15 U.S.C. § 1681s-2.

71. Cal Coast furnished information relating to a consumer reporting agency with knowledge or reasonable cause to believe that the information was inaccurate in violation of 15 U.S.C. § 1681s-2(a)(1)(A) of the FCRA.

72. Cal Coast did not promptly notify the consumer reporting agency that Plaintiff determined the PRA account number published on his Trans Union credit report was inaccurate in violation of 15 U.S.C. § 1681s-2(a)(2)(A)&(B) of the FCRA.

73. Cal Coast violated the FCRA by engaging in the following conduct that violated 15 U.S.C. §1681s-2(b):

    a. Willfully continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b. Willfully failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

74. Plaintiff is informed and believes that Cal Coast failed to conduct a reasonable investigation into the written Dispute to Trans Union, failed to correct or delete the inaccurate information, failed to consider all relevant information supplied by Plaintiff in his dispute, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting, as required by 15 U.S.C. § 1681s-2(b)(1)(A)-(E) because as of August 15, 2017, Plaintiff's Trans Union credit report still reflected the inaccurate information that was the subject of the Dispute.

///

Complaint for Damages

75.   As a result of each and every violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

76.   As a result of each and every willful violation of the FCRA, Plaintiff is entitled statutory damages of $1,000.00 per violation per Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

### THIRD CAUSE OF ACTION
### CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.25
### (AS TO ALL DEFENDANTS)

77.   Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

78.   As a furnisher of information, Cal Coast is required to comply with Cal. Civ. Code § 1785.25.

79.   As a credit reporting agency, Trans Union is required to comply with Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA.

80.   Cal Coast furnished information to Trans Union on a specific transaction or experience where Cal Coast knew or should have known the information was inaccurate in violation of Cal. Civ. Code § 1785.25(a).

81.   Cal Coast willfully furnished information to Trans Union that Cal Coast knew or should have known was inaccurate.

82.   Plaintiff is informed and believes that Trans Union violated Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA after Plaintiff lodged the written Dispute with it and Trans Union failed to conduct a reasonable investigation into the accuracy of the information disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in his Dispute, failed to employ and follow reasonable procedures to prevent such

16

inaccurate reporting and maintaining the very inaccurate information about which Plaintiff complained.

83. Based on these violations of Civil Code § 1785.25, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31 including statutory damages of $5,000.00 from each Defendant for each month of inaccurate reporting, for each agency, actual damages, attorney's fees and injunctive relief.

## FOURTH CAUSE OF ACTION
### NEGLIGENCE
### (AS TO ALL DEFENDANTS)

84. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

85. Defendants owed a duty of care to Plaintiff to furnish and report correct information to.

86. Defendants' conduct proximately caused injuries to Plaintiff.

87. Due to Defendants' conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

88. Plaintiff believes and alleges that Defendants' conduct of furnishing and reporting incorrect and misleading information regarding the Debt constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendants' conscious disregard for the rights of Plaintiff.  As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## VIOLATIONS OF THE RFDCPA
### (AS TO CAL COAST)

89. Actual damages pursuant to Cal. Civ. Code § 1788.30(a) and Cal. Civ. Code § 1788.32;

Complaint for Damages

90. Statutory damages of $1,000.00 each from Cal Coast for violation of Cal. Civ. Code § 1788, *et seq* pursuant to Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code § 1788.32.

91. Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1788.32;

92. Interest, punitive damages and any other relief the Court deems just and proper.

### VIOLATIONS OF THE FCRA
### (AS TO ALL DEFENDANTS)

93. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

94. Statutory damages of $1,000.00 per violation pursuant to 15 U.S.C. § 1681n(a)(1);

95. Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

96. Injunctive relief to command Defendants to correct the information furnished on Plaintiff's credit reports and prohibit Defendants from engaging in future violations;

97. Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

98. Any other relief the Court may deem just and proper including interest.

### VIOLATIONS OF THE CCRAA
### (AS TO ALL DEFENDANTS)

99. Actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

100. Statutory damages of $5,000.00 per violation pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

101. Injunctive relief to command Defendants to correct Plaintiff's credit reports and prohibit Defendants from engaging in future violations of Cal. Civ. Code § 1785.16 and Cal. Civ. Code § 1785.25, pursuant to Cal. Civ. Code § 1785.31(b);

Complaint for Damages

102. Attorney fees and costs to maintain the instant action, pursuant to Cal. Civ. Code 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d);

103. Any other relief the Court may deem just and proper including interest.

### TRIAL BY JURY

104. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts.


Respectfully submitted,

**HYDE & SWIGART**

Date:  October 11, 2017          By:  s/Joshua Swigart
                                      Joshua B. Swigart, Esq.
                                      josh@westcoastlitigation.com

                                      *Attorney for Plaintiff*


Additional Attorneys for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

19

Complaint for Damages